UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS' HEALTH CARE FUND,
MICHIGAN LABORERS' VACATION FUND,
MICHIGAN LABORERS' PENSION FUND,
MICHIGAN LABORERS' TRAINING
FUND, MICHIGAN LABORERS'
EMPLOYERS COOPERATION AND
EDUCATION TRUST FUND,                    Case No. 05-74671
AND MICHIGAN LABORERS' ANNUITY           District Judge Julian Abele Cook, Jr.
FUND,                                    Magistrate Judge R. Steven Whalen

        Plaintiffs,

v.

GILBERT COMPANY GENERAL CONTRACTORS INC.,
and EDWIN J. GILBERT, an individual,
jointly and severally,
               Defendants,

and

GILBERT DEVELOPMENT,

    Garnishee-Defendant.
_____/

**ORDER**

Presently before the Court are Plaintiffs' Motion Denying the Accuracy of Garnishee Disclosures of Gilbert Development (periodic) [Docket #235] and Motion Denying the Accuracy of Garnishee Disclosures of Gilbert Development (non-periodic) [Docket #245]. For the reasons set forth below, the Court finds that an evidentiary hearing is necessary for

-1-

a proper determination of Gilbert Development's liability.

## I. BACKGROUND FACTS

On February 14, 2006, the district court entered a default judgment against Defendants Gilbert Company General Contracting, Inc. and Edwin J. Gilbert I for benefit contributions due under a collective bargaining agreement for the period from January, 2001 through December, 2004 [Docket #8]. The court awarded Plaintiffs $47,032.72 for unpaid contributions, as well as $8,167.71 in assessments and $4,463 in fees and litigation costs for a total of $59,663.43.

On May 3, 2006, Plaintiff's issued periodic and non-period writs of garnishment to non-defendant Gilbert Development LLC, a corporation owned by Defendant Edwin J. Gilbert and his wife. On May 22, 2006, Gilbert Development filed a garnishee disclosure, denying that it was liable to Defendant Gilbert Company General Contractors, Inc. ("GCGC") for either periodic or non-periodic payments [Docket #234]. On June 2, 2006, Gilbert Development issued a second disclosure, again denying all liability as to GCGC [Docket #243]. On May 23 and June 7, 2006, Plaintiffs filed the present motions, disputing the garnishee's claim of non-liability on the basis that Defendant GCGC's 2004 tax return shows that the garnishee owed it $86,357 in unpaid loans.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 64 instructs that "the law of the state in which the district court is held" provides remedies for the satisfaction of judgment. Remedies include "arrest, attachment, garnishment, replevin, sequestration, or other corresponding and equivalent

remedies." Fed. R. Civ. P. 64(2).

Pursuant to Michigan Court Rule 3.101(G)(1)(d), a garnishee is liable for "all debts, whether or not due, owing by the garnishee to the defendant when the writ is served on the garnishee." MCR 3.101(M)(1) provides that in the case of a "dispute regarding the garnishee's liability or if another person claims an interest in the garnishee's property or obligation, the issue shall be tried in the same manner as other civil actions." In such an event, "[t]he verified statement acts as the plaintiff's complaint against the garnishee, and the disclosure serves as the answer," instructing further that the garnishee's "disclosure must be accepted as true unless the plaintiff has served interrogatories or noticed a deposition within the time allowed by subrule (L)(1)" or filing of a pleading or motion denying the accuracy of the disclosure by "another party." MCR 3.101(M)(2). Under MCR 3.101(L)(1), plaintiff may serve the garnishee with written interrogatories or notice the deposition within 14 days after service of the garnishee's disclosure.

### III. ANALYSIS

Plaintiffs contends that Defendant-Garnishee is the recipient of a loan by Defendant GCGC, citing the corporations's 2003 financial statement showing a loan of $51,596 as well as a 2004 tax return indicating that Gilbert Development owed $86,357. Plaintiffs request entry of Judgment against Defendant-Garnishee in the amount of $59,332.32.

Pursuant to MCR 3.101(L)(1) and (M)(2), Plaintiffs preserved their objections to Defendant-Garnishee's disclosure by filing the present motions well within the 14-day period prescribed by the Michigan Court Rules. The Court disagrees with Defendants' contention

-3-

that Plaintiffs were required to submit interrogatories or notice depositions, noting that Defendant Edwin Gilbert's May 2, 2006 deposition testimony stands at odds with the garnishee disclosure issued by his company the same month. Docket #235, Exhibit C at 12. Plaintiff need not re-depose Gilbert just three weeks after he testified under oath that GCGC lent Defendant-Garnishee a substantial sum. *Lyons v. Jim Moceri & Son, Inc.*, WL 657133, *3 (Mich. App. 2006).

Likewise, I reject Defendants' argument that "due process concerns" required Plaintiffs to file a separate lawsuit against Gilbert Development. As discussed in MCR 3.101(M)(1), in the event of a disclosure dispute, "[t]he verified statement acts as the plaintiff's complaint against the garnishee, and the disclosure serves as the answer," obviating the need for a separate lawsuit. Further, under Michigan law, summary disposition is appropriate in the case where "the garnishee defendant's defenses are so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery." *Blue Water Fabricators, Inc. v. New Apex Co., Inc.,* 205 Mich.App. 295, 299, 517 N.W.2d 319 (1994)(internal citations omitted). At present, Defendant-Garnishee's contention that the loan was subject to offsets stands completely unsupported by accompanying documentation.

Nonetheless, Defendants contend that GCGC's 2005 tax return, not yet filed on July 20, 2006, will verify the garnishee disclosure denying liability by establishing that GCGC's loan to Gilbert Development is subject to offset. I note that although GCGC's 2005 tax return was due on October 16, 2006, Defendants have not yet supplemented their brief by

supplying a copy of this all-important missing link. In an abundance of caution, the Court will grant Defendant's request for an evidentiary hearing, allowing Defendant-Garnishee to develop their argument for non-liability. *July 20, 2006 Hearing Transcript* at 40-42. *See Leber-Krebs, Inc. v. Capitol Records,* 779 F.2d 895, 901 (2nd Cir. 1985).[1] A separate Notice of Hearing will be filed.

    SO ORDERED.

                                    S/R. Steven Whalen
                                    R. STEVEN WHALEN
                                    UNITED STATES MAGISTRATE JUDGE

Dated: December 7, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 7, 2006.

                                    S/Gina Wilson
                                    Judicial Assistant

---

[1] In *Leber-Krebs, Inc. v. Capitol Records,* 779 F.2d 895, 900 (2nd Cir. 1985) in which the case was remanded for an evidentiary hearing, the Second Circuit observed that "New York courts do not look favorably upon garnishees who play fast and loose with attachment orders," stating further that courts of that state "clearly do not countenance a garnishee trifling with a court order or mandate." *Id.* This Court agrees.